DAVIS, Circuit Judge,
dissenting from the denial of rehearing en banc:
Despite its profound constitutional trappings, this appeal presents a rather pedestrian issue: whether the summary-judgment record reflects the existence of genuine disputes of material fact regarding the reasonableness of the Airport Authority’s ban on newspaper racks (not newspapers themselves, of course) under our precedent in Multimedia Publ’g Co. v. Greenville-Spatanburg Airport Dish, 991 F.2d 154 (4th Cir.1993). I believe (as did the district court, before, inexplicably, it changed its mind) that such disputes are presented. Therefore, the Airport Authority is entitled to a trial.
This case is not about whether a Jehovah’s Witness can be required to obtain a permit to pamphlet on a city street. Lovell v. City of Griffin, 303 U.S. 444, 451-52, 58 S.Ct. 666, 82 L.Ed. 949 (1938). Furthermore, it is more than a stretch to make the blanket statement that “the [Supreme] Court has twice before struck down restrictions on newsracks.” Statement of Wilkinson, J., concurring in the denial of rehearing en banc (citing Cincinnati v. Discovery Network, Inc., 507 U.S. 410, 113 S.Ct. 1505, 123 L.Ed.2d 99 (1993), and Lakewood v. Plain Dealer Publ’g Co., 486 U.S. 750, 108 S.Ct. 2138, 100 L.Ed.2d 771 (1988)). In fact, Discovery Network simply prohibited discrimination among newsrack owners based on the relative “commercialness” of the items distributed by newsrack. 507 U.S. at 430, 113 S.Ct. 1505 (“The regulation is not a permissible regulation of commercial speech, for on this record it is clear that the interests that Cincinnati has asserted are unrelated to any distinction between ‘commercial handbills’ and ‘newspapers.’”). And in Lakewood, a plurality of four justices simply concluded that, “those portions of the Lakewood ordinance giving the mayor unfettered discretion to deny a permit application [for newsracks in the city’s business district] and unbounded authority to condition the permit on any additional terms he deems ‘necessary and reasonable,’ to be unconstitutional.” 486 U.S. at 772, 108 S.Ct. 2138 (brackets added). Notably in the latter case, Justices Stevens and O’Connor joined Justice White’s dissenting opinion, in which he stated: “The Court quite properly does not establish any constitutional right of newspaper publishers to place news-racks on municipal property.... [0]ur precedents suggest that an outright ban on newsracks on city sidewalks would be constitutional, particularly where (as is true here) ample alternative means of 24-hour distribution of newspapers exist.” Id. at 773, 108 S.Ct. 2138 (White, J., dissenting) (ellipsis and brackets added).
But neither in my dissenting opinion nor in this brief statement do I intend to project the final outcome of the merits of the dispute in this case. Rather, I simply emphasize that, properly viewed, where there exist genuine disputes of material fact, a trial is neither a nuisance nor a triviality, because, under the rule of law, process matters. And this is true whether or not the outcome of a trial is “scarcely different,” Statement of Wilkinson, J., concurring in the denial of rehearing en banc, from the result reached by some other means of reasoned judgment. Cf. Crawford v. Washington, 541 U.S. 36, 62, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004) (“Dispensing with confrontation because testimony is obviously reliable is akin to *306 dispensing with jury trial because a defendant is obviously guilty”).
I regret the denial of rehearing en banc.